Joseph Charles MALLEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 09–99–114CR, 09–99–115CR.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 26, 2000.

Decided Feb. 9, 2000.

---

Thomas A. Martin, Houston, for appellant.

Thomas Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Joseph Charles Malley pleaded guilty to two separate indictments for aggravated sexual assault on a child. A plea bargain agreement with the State of Texas placed an upper limit of 25 years on the punishment range. The trial court assessed punishment at 15 years of incarceration in the Texas Department of Criminal Justice, Institutional Division, in each case, and ordered the sentences to be served concurrently. Malley subsequently filed a writ of habeas corpus and obtained an out-of-time appeal, Malley presents a single issue:

> Whether the Appellant's plea of guilty in both cases was voluntary and with knowledge of the consequences of his two pleas when such pleas were based upon erroneous advice of trial counsel and when Appellant's subsequent conversations with his attorney led trial counsel to "question" Appellant's understanding of the import of the trial court's admonishments.

Since a plea bargain agreement is predicated upon a knowing and voluntary plea, the general notice of appeal filed by Malley in these appeals confers jurisdiction upon us to consider the issue he presents. See *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996); *Minix v. State*, 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd). Malley argues he pleaded guilty without knowledge of the consequences of his pleas. This claim was pre-

sented to the trial court in a motion for new trial hearing based upon a motion filed more than one year after sentencing but less than thirty days after the day the Court of Criminal Appeals issued its mandate on the writ of habeas corpus.

■ The State presents a "cross-point" in its brief to the Court, presumably under the provision of the Code of Criminal Procedure that permits the State to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment. Tex.Code.Crim. Proc. Ann. art. 44.01(c) (Vernon Supp.2000). The State did not file a notice of appeal, as it must in order to perfect an appeal. Tex.R.App. P. 25.2(a).[1] One issue raised in the State's argument under its cross-point is directly related to whether we can consider the record created on motion for new trial in addressing Malley's point of error. Such an argument must, of course, be addressed whether or not the State perfected an appeal.

From what may be gleaned from the Court of Criminal Appeals's opinion, Malley's writ of habeas corpus complained counsel failed to take the steps necessary to perfect appeal, and did not mention the need to file a motion for new trial. After he obtained an out-of-time appeal through writ of habeas corpus, Malley filed a motion for new trial that alleged his pleas were involuntarily entered. In order to determine whether this motion was timely filed, we must consider the relief granted by the Court of Criminal Appeals: "For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the convictions had been entered on the day that the mandate of this Court issues." The opinion does not mention filing a motion for new trial, presumably because Malley did not raise the issue with the Court of Criminal Appeals, but the grant of relief was broad enough to encompass the filing of a motion for new trial because motions for new trial are filed pursuant to the Rules of Appellate Procedure.

■ An additional complication arises because within thirty days of sentencing Malley filed a motion for new trial that was overruled by operation of law. Since Malley had already filed a motion for new trial, the motion that raises voluntariness of the plea is an amended motion for new trial. Amended motions for new trial must be filed within 30 days of sentencing *and* before the court overrules any preceding motion for new trial. Tex.R.App. P. 21.4(b). Under circumstances where a new "sentencing" date is imposed through post-conviction extraordinary proceedings, the fact that a preceding motion for new trial had previously been overruled by operation of law should not preclude filing a new motion for new trial, provided such a motion is within the scope of the high court's mandate, notwithstanding Rule 21.4(b). We conclude the motion for new trial was timely filed.

■ "When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, 'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ex parte Moody,* 991 S.W.2d 856, 857–58 (Tex.Crim.App.1999) (quoting *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex. Crim.App.1997)).

■ In considering the voluntariness of a guilty plea, we examine the record as a whole. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998). Malley received and signed written admonishments on the range of punishment and the consequences

---

**1.** Neither the Code of Criminal Procedure nor the Rules of Appellate Procedure specially provide for the time in which a 44.01(c) notice of appeal must be filed. *Cf* Tex.R.App. P. 26.1(d); 26.2(b).

of his plea, creating a prima facie showing that the plea was voluntary. *Id.* The burden shifted to Malley to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.*

At the first plea proceeding, the trial court informed Malley that if convicted, he faced confinement in prison for life, or any term of not more that 99 years or less than 5 years. The judge informed Malley that the State agreed his punishment would not exceed 20 years, and that his counsel would recommend deferred adjudication, but that the court was not bound by either the recommendation of the State or of the defendant. The judge told Malley he could withdraw his plea and have a jury trial if the Court decided 20 years was not sufficient and rejected the plea bargain. Then the Court told Malley that if the court assessed punishment at 20 years or less, Malley could not appeal without the trial court's permission. The trial court immediately repeated those same admonishments for the other indictment. At a subsequent hearing, the prosecutor complained that letters of support submitted for the pre-sentence report claimed the assaults had not occurred, and if Malley was going to deny the offense, he should have a trial because he didn't deserve a 20 year sentence. The trial court rejected the plea bargain.

A few months later, Malley again pleaded guilty, this time for a plea bargain with a 25 year upper limit on punishment. The trial court admonished Malley again, this time informing Malley that a 25 year prison sentence would be within the plea bargain agreement. The admonishments were repeated for the second offense. The State did not stand mute at the sentencing hearing, but argued that given Malley's tendency to blame the 12–year–old victim, probation was not the appropriate punishment for the offenses. The trial court assessed punishment at 15 years of imprisonment for the first offense, then conducted a separate sentencing on the other offense, without Malley ever voicing surprise or protest over the outcome.

During the motion for new trial hearing, Malley testified he pleaded guilty because he is guilty. According to Malley, he thought he would get probation because, "I had never been in any trouble before and had been told by many different persons that the first time offender would get probation." Malley claimed one of his two lawyers, Mr. Cribbs, "told me that I would get probation, that I should get probation," that the person preparing the pre-sentence investigation report told him "she couldn't guarantee [probation]" but they would say "you should get probation because most first time offenders would get it," and that the psychiatrist "also said that I probably would get probation." Malley admitted the trial judge told him he might get "jail time."

On cross-examination, Malley recalled he brought in a second lawyer because, "When we came up to the court and prosecutor had said he wanted to do the maximum time and all and then Judge Carver threw the whole thing out." Asked if the second lawyer, Mr. Bonham, told him he would get probation if he pleaded guilty, Malley admitted, "He didn't say I definitely would." Asked, "when did it occur to you that you weren't going to get probation?", Malley replied, "When the Judge said 15 years TDC."

C. Hayden Cribbs, the lawyer who supposedly raised Malley's expectation of community supervision, did not testify at the motion for new trial hearing. David Bonham did testify; according to Bonham, the original presentence investigation report concluded Malley would be a suitable candidate for probation, and Malley was aware of that report. Bonham testified that he went over with Malley what the outcome of the case could be and Malley understood the consequences of his plea at the time he made it. After sentencing, and before the first motion for new trial was to be heard, Malley talked to Bonham about conditions of probation, and Bonham

reminded Malley that he didn't get probation and in order to get probation the court would have to grant the motion for new trial. Malley acknowledged that he understood but then would bring up the subject of probation at their next office visit.

A plea is not involuntary simply because the sentence exceeded what the appellant expected, even if that expectation was raised by his attorney. *West v. State*, 702 S.W.2d 629, 633 (Tex.Crim.App. 1986). At the hearing on the motion for new trial, the trial judge sat as the trier of fact and his findings will not be disturbed unless abuse of discretion has been demonstrated. *Reissig v. State*, 929 S.W.2d 109, 113 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). Furthermore, the trial judge was not required to accept as true the testimony of the accused or any other witness simply because it was not contradicted. *Id.* We find that appellant failed to meet his burden to demonstrate that his plea was not knowing and voluntary due to erroneous advice of counsel. Malley was informed by both his attorney and the judge as to the possible range of punishment. The plea bargain agreement placed an upper limit of twenty-five years on punishment, providing for the possibility of community supervision but not requiring it. The trial court rejected a previous plea bargain with a twenty year upper limit on punishment. Although Malley had an expectation that he would receive community supervision, that expectation was not based upon any improper assurances of the court or the prosecutor, nor was it based upon a promise, guaranty, or false representation made by either of Malley's attorneys. Based upon the evidence presented, Malley failed to demonstrate that his pleas of guilty were unknowingly or involuntarily made. We overrule the issue and affirm the judgment.

AFFIRMED.