**Thomas Douglas BOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00306–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 20, 2000.

Rehearing Overruled Oct. 5, 2000.

Terrance James Leonard, Houston, for appellants.

B. Warren Goodson, Jr., Houston, for appellees.

Panel consists of Justices MAURICE AMIDEI, ANDERSON and FROST.

## O P I N I O N

KEM THOMPSON FROST, Justice.

Charged with burglary of a habitation with two enhancements, appellant, Thomas Douglas Bond, filed a pretrial motion to suppress identification testimony. After a pretrial hearing, the trial court denied the motion. During the trial, appellant changed his plea to guilty, with an agreed recommendation from the State. The trial court set punishment at twenty-five years in the Texas Department of Criminal Justice, Institutional Division, in accordance with the State's recommendation. Appellant brings three points of error on appeal, claiming the trial court erred: (1) in failing to suppress the pretrial identification of a single photograph at the scene of the incident, for being impermissibly suggestive, and in violation of due process, and (2) in failing to undertake the analysis to determine whether the subsequent in-court identification was impermissibly tainted after an improper photograph procedure. We affirm the decision of the trial court.

### Factual Background

The complainant, Linnea Boone, returned home from shopping one afternoon to find an unfamiliar car parked in the driveway of her home in Friendswood. Believing that the car belonged to a rela-

tive whom she was expecting, Mrs. Boone entered the back door of her house. Once inside, she saw an individual carrying a duffle bag down the hall towards her. At that point, she was unable to see the individual's face because the duffle bag blocked her view. However, as the individual passed her, she was able to get a clear view of his face. He then hurried out the front door of the house to the sidewalk that leads to the driveway. Mrs. Boone quickly followed, getting a second view of the man's face when he turned on the sidewalk. The man got into the car and when he was seated in the driver's seat, Mrs. Boone looked him directly in the face, and he ordered her to "*Get back into your house,*" before driving away from the scene.

As soon as the car drove away, Mrs. Boone went into her house and called the police. She gave a description of the intruder and his car, including the license plate number of the vehicle. She informed the police that there was an infant car seat in the back seat of the intruder's vehicle. The police arrived at the Boone residence within five minutes of receiving the call. Less than an hour after the incident, Officer Scott Young of the Friendswood Police Department went to Mrs. Boone's home with a single faxed photograph from the Houston Police Department. Mrs. Boone identified the man in the photograph as the man who had invaded her home. At trial, she identified appellant as the intruder.

### Identification

In his second and third points of error, appellant claims the trial court erred in permitting Mrs. Boone to make an in-court identification following an impermissible pretrial identification. An identification procedure that is unnecessarily suggestive violates a suspect's right to a fair trial. *See Abney v. State,* 1 S.W.3d 271, 275 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd). In determining whether the trial court was correct in admitting an

in-court identification, the appellate court employs a two-step analysis, inquiring: (1) if the photographic display was impermissibly suggestive; and (2) if so, whether the suggestive pretrial procedure gave rise to a very substantial likelihood of irreparable misidentification. *See Delk v. State*, 855 S.W.2d 700, 706 (Tex.Crim.App.1993); *Abney*, 1 S.W.3d at 275. If the indicia of reliability outweigh the influence of the impermissibly suggestive pretrial identification, the identification testimony is held admissible. *See id.* The defendant has the burden to show the identification is unreliable by clear and convincing evidence. *See id.*

■ In considering the first prong, we begin by noting that Texas courts have uniformly condemned the practice of showing a single photograph to a prosecuting witness as a "photo spread," finding this practice to be impermissibly suggestive. *See Delk*, 855 S.W.2d at 707; *Jones v. State*, 944 S.W.2d 50, 52 (Tex.App.—Texarkana 1997, pet. ref'd). The record in this case shows that while a police officer was still at Mrs. Boone's house investigating the crime, Officer Young arrived. Showing Mrs. Boone only a single photograph, he asked, *"Do you recognize this individual?"* This pretrial identification was impermissibly suggestive and thus not admissible. As previously noted, however, the analysis does not end there. We must consider the second prong, i.e., whether the impermissibly suggestive pretrial identification gave rise to a very substantial likelihood of irreparable misidentification.

■ In analyzing the second prong, we consider the following factors: a) the opportunity of the witness to view the perpetrator at the time of the crime; b) the witness's degree of attention; c) the accuracy of the witness's prior description of the perpetrator; d) the level of certainty demonstrated by the witness at the confrontation; and e) the length of time between the crime and the confrontation. *See Delk*, 855 S.W.2d at 706 (citing *Manson v. Brathwaite*, 432 U.S. 98, 114, 97

S.Ct. 2243, 53 L.Ed.2d 140 (1977)). We evaluate these factors in the light most favorable to the trial court's ruling, weighing them and other pertinent factors *de novo* against "the corrupting effect" of the suggestive identification itself. *See Loserth v. State*, 963 S.W.2d 770, 773–74 (Tex.Crim.App.1998); *Delk*, 855 S.W.2d at 706.

■ In considering the first factor (the opportunity Mrs. Boone had to view the perpetrator at the time of the crime), we note that the length of the encounter is not necessarily a controlling factor in our determination. *See id.* The record shows that Mrs. Boone had a clear view of the man who invaded her home at least three times at close range; she saw him from the side when he was only three or four feet away and again at approximately eight feet away; and she viewed him a third time from the front when he was only about four yards away from her.

In considering the second factor (Mrs. Boone's degree of attention), we note that Mrs. Boone testified that she was highly observant at the time of the offense, as evidenced by her recollection of the vehicle's license plate number, the car seat in the back of the intruder's vehicle, and the general description of the intruder—a description which included a comment that the suspect's mustache was not exactly the same as it appeared in the fax photograph. The circumstances were clearly attention-riveting—a strange man was inexplicably inside her house. There is nothing in the record to indicate that Mrs. Boone was distracted in her observations or that she was not able to give her full attention to the events at hand. In fact, Mrs. Boone followed the intruder outside, a fact which further demonstrates that his presence in her home had captured her full attention.

In considering the third factor (the accuracy of the witness's prior description of the perpetrator), we note that before she ever saw the fax photograph of appellant, Mrs. Boone described the intruder in

great detail, stating that he was a slightly built man, standing about 5 feet 8 inches tall and weighing approximately 140 or 150 pounds, with nearly shoulder length, dark hair; he had a heavy mustache; and he was wearing a green and blue plaid-type shirt and western cut blue jeans. When she saw the fax photograph, Mrs. Boone noted that the mustache on the man in the photograph was not exactly the same but that she thought he looked like the man who had invaded her home. Mrs. Boone then described the intruder as "*a white male about 30 years of age who was about 5 feet 6 to 5 feet 8 inches tall and weighed about 140 to 150 pounds. He was wearing western style blue jeans and had on a green and blue plaid shirt. He had dark hair and a dark colored mustache.*" She also testified that the intruder had dark blue eyes, a fact that could not be determined from a black and white fax photograph. Appellant offered no proof to refute Mrs. Boone's description of the intruder at trial. Appellant claims Mrs. Boone's failure to note the burglar's race and age in the pre-photo identification and her more indefinite height range in the post-photo identification show that her memory was not very accurate. The descriptions do not have to be identical in all respects in order to be deemed reliable and accurate. Considering the amount of detail Mrs. Boone provided, we find her prior description was accurate.

In considering the fourth factor (the level of certainty demonstrated by the witness at the confrontation), we note that Mrs. Boone consistently recalled the details surrounding the identification on four separate occasions. First, she gave a description to the police dispatcher. Next, she gave a statement to the police after having seen the fax photograph. Then, thirteen months later, she recited the details of the identification at the hearing on appellant's motion to suppress. Finally, when asked about the identification during direct and cross-examination at trial, Mrs. Boone described the intruder for the fourth time. Additionally, Mrs. Boone testified that her ability to identify the person who burglarized her home was not based on the photograph but on a clear vision she had of him speaking to her from his car in the moments before he drove away from her home. She further testified that she was positive that her in-court and photo identification of appellant were correct. When a witness recalls the details surrounding the event consistently on multiple occasions, testifies that her ability to identify the person was not based on the photograph, and testifies that she could identify the accused even if she had not seen the photograph, a high degree of certainty surrounds the identification. *See Delk*, 855 S.W.2d at 707. Given Mrs. Boone's clear and consistent testimony, we find a high degree of certainty surrounded her identification of appellant.

Finally, in considering the last factor (the length of time between the crime and the confrontation), we note the sequence of operative events. Mrs. Boone's home was burglarized on December 12, 1997. Appellant's trial started on February 17, 1999. Over thirteen months had passed since Mrs. Boone first saw the intruder taking property from her home. If the witness can recall details and her testimony is consistent, the passage of time will not detract from the identification. *See id.* (finding passage of eighteen months insufficient to detract from identification). Because Mrs. Boone recalled a number of specific details and her testimony was consistent, the passage of thirteen months did not detract from the in-court identification.

Taken together, these factors clearly outweigh the influence of the impermissibly suggestive pretrial identification. Consequently, appellant has failed to meet his burden to show by clear and convincing evidence that the in-court identification is unreliable. Therefore, the suggestive photo spread did not give rise to a substantial likelihood of irreparable misidentification, and the trial court did not err in permit-

ting Mrs. Boone's in-court identification of the burglar. We overrule appellant's second and third points of error.

Where the in-court identification was derived from a sufficiently independent source, the appellate court need not address whether the pretrial identification was irreparably tainted by any impermissible suggestiveness. *See Johnson v. State*, 901 S.W.2d 525, 534 (Tex.App.—El Paso 1995, pet. ref'd). Because Mrs. Boone's in-court identification of appellant was derived from a sufficiently independent source, we need not address whether the pretrial identification was irreparably tainted, and thus we do not reach appellant's first point of error.

The judgment of the trial court is affirmed.