NUMBER 13-00-488-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MARCUS DOWNIE , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 319th District Court

of Nueces County, Texas.

__________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


 Appellant, Marcus Downie ("Downie"), brings this appeal after being convicted for delivery of a controlled substance
within a drug free zone. In five points of error, Downie generally contends he was denied effective assistance of counsel
and that the trial court erred in not declaring a mistrial and not ordering a psychiatric evaluation. We affirm.

 After his conviction, Downie filed a notice of appeal which was dismissed because the notice was untimely filed. Downie
then filed a writ of habeas corpus with the Court of Criminal Appeals. The court granted Downie an out-of-time appeal on
May 30, 2000. On June 7, 2000, Downie filed a motion for new trial, which was subsequently denied. On July 26, 2000,
Downie filed a second notice of appeal. 

 We first address the contention of appellee, the State of Texas ("State"), that this appeal was untimely filed and should be
dismissed for want of jurisdiction. The State argues that the granting of an out-of-time appeal goes no further than to
preserve the right to file a notice of appeal outside the normal deadlines, and does not extend the time to file an untimely
motion for new trial. Citing rule 21.4(a) of the Texas Rules of Appellate Procedure, the State contends that a motion for
new trial must be filed no later than thirty days after a sentence is imposed and that this Court may not suspend the
requirements of rule 21.4(a) by extending the thirty day deadline. See Tex. R. App. P. 2; (1) Oldham v. State, 977 S.W.2d
354, 360 (Tex. Crim. App. 1998) (court of appeals was in error to rely on rule 2(b) as a mechanism to extend the time
limits for the filing of a motion for new trial). 

 We look at the relief granted by the court of criminal appeals in granting the out-of-time appeal for this particular case. 
See Malley v. State, 9 S.W.3d 925, 927 (Tex. App.-Beaumont 2000, pet. ref'd). The opinion issued by the court of criminal
appeals specifically stated that "[t]he proper remedy in a case such as this is to return [a]pplicant to the point at which he
can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if
the convictions had been entered on the day the mandate of this Court issues." TheMalley court was faced with identical
language in the opinion issued by the court of criminal appeals granting an out-of-time appeal. Id. at 927. The Malley
court stated that although the relief granted did not specifically mention filing a motion for new trial, it was broad enough
to encompass the filing of a motion for new trial. Id. Here, because the court of criminal appeals issued its opinion on May
30, 2000, Downie timely filed a motion for new trial on June 6, 2000, within thirty days of the issuance of the opinion. See
Tex. R. App. P. 21.4(a). By filing the motion for new trial, the time to file a notice of appeal was extended ninety days
from the May 30, 2000 opinion. See Tex. R. App. P. 26.2(a). Downie, therefore, timely filed his notice of appeal on July
26, 2000, and we have jurisdiction to hear it. 

 In his first point of error, Downie argues that the trial court erred in failing to sua sponte declare a mistrial after a juror
stated he could not be impartial. He contends it is reversible error for the trial court to not grant a mistrial when a juror is
biased. Downie relies on Howard v. State, 982 S.W.2d 536, 539 (Tex. App.-San Antonio 1998, pet. dism'd), where the
court held that the trial court erred in not declaring a mistrial because a juror could not be fair and impartial. Id. However,
Downie's reliance on this case is misplaced. In Howard, the juror admitted she was the step-mother of a victim that was
raped by the appellant. Id. The appellant objected and asked for a mistrial. Id. The appellant therefore preserved error. 
Id. In this case, after a juror stated that he knew Downie, Downie failed to object or request a mistrial. Downie, therefore,
failed to preserve error. 

 Even had Downie preserved error, we find the court did not abuse its discretion in allowing the juror to return to service. 
A trial judge's discretion to declare a mistrial based on manifest necessity is limited to "very extraordinary and striking
circumstances." Parrish v. State, 38 S.W.3d 831, 834 (Tex. App.-Houston [14thDist.] 2001, no pet.) (citing Ex parte Little,
887 S.W.2d 62, 64 (Tex. Crim. App. 1994)). As a general rule, manifest necessity exists where the circumstances render it
impossible to reach a fair verdict, where it is impossible to proceed with trial, or where the verdict would be automatically
reversed on appeal because of trial error. Id. Bias exists as a matter of law when a prospective juror admits he is biased for
or against a defendant. Anderson v. State, 633 S.W.2d. 851, 854 (Tex. Crim. App. 1982). When bias is not established as a
matter of law, the trial court has discretion to determine whether bias actually exists to a degree that the juror is disqualified
and should be excused from jury service. Id. at 853-54. The mere fact that a juror either knows, has an intimate
acquaintance with, has friendly relations with, or has a mere acquaintance with the defendant is not a sufficient basis for
disqualification of a juror. See id. at 853; Vaughn v. State, 833 S.W.2d 180, 184 (Tex. App.-Dallas 1992, pet. ref'd). In this
case, the juror informed the court that he knew Downie and that he did not feel comfortable serving on the jury. However,
when the court inquired further, the juror stated that he felt uncomfortable serving as the foreman because he would have to
read the verdict. After the trial court explained that the court would read the verdict, the juror assured the court that his
concern would not affect him in making a decision in this case. The juror never explicitly stated, or even implied, that he
would be biased or impartial. Therefore, because there was no manifest necessity requiring such a measure, the trial court
did not abuse its discretion in not declaring a mistrialsua sponte. Downie's first point of error is overruled.

 By his second point of error, Downie contends the trial court erred by not sua sponte ordering a psychiatric evaluation and
holding a competency hearing after it was revealed that he had been diagnosed with schizophrenia. Article 46.02 of the
Texas Code of Criminal Procedure states that "if during the trial evidence of the defendant's incompetency is brought to the
attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine
whether or not there is evidence to support a finding of incompetency to stand trial." Tex. Code Crim. Proc. Ann. art. 46.02
§ 2(b) (Vernon 1979 & Supp. 2001). The evidentiary standard for the first clause of article 46.02 section 2(b) is evidence
"sufficient to create a bona fide doubt in the judge's mind as to the defendant's competence to stand trial." Alcott v. State,
51 S.W.3d 596, 601 (Tex. Crim. App. 2001). This clause applies to the determination of whether the court needs to
conduct a competency inquiry sua sponte. Id. Only if a bona fide doubt exists need the court conduct such inquiry, and
only after such inquiry does the second clause of section 2(b) operate. Id. A defendant is not competent to stand trial if he
does not have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. Tex.
Code Crim. Pro. Ann. art. 46.02 § 1A(a)(1); Loftin v. State, 660 S.W.2d 543, 545-46 (Tex. Crim. App. 1983). On appeal,
the standard of review is whether the trial court abused its discretion in failing to conduct a competency hearing. See
Moore v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). 

 In this case, a witness testified that Downie had "schizophrenia and a couple of different personalities." At the punishment
phase of the trial, Downie testified that he was diagnosed with schizophrenia when he was eight or nine years old, that he
had been on medication in the past, and that he was unable to work because of it. Downie further testified that he
sometimes had loss of memory and that the schizophrenia affected him at all times. He stated, "all the time I'm
schizophrenic. I can go off any certain time, just by the fact somebody looking at me wrong or different . . . sometimes . . .
I found myself slipping to where I think I'm somebody else . . . ." 

 Evidence of a mental impairment alone does not require that a special jury be empaneled where no evidence indicates that
a defendant is incapable of consulting with counsel or understanding the proceedings against him. Id. at 395
(citingTownsend v. State, 949 S.W.2d 24, 27 (Tex. App.-San Antonio 1997, no pet.) (evidence that defendant was
depressed and suicidal did not warrant an incompetency hearing); Lingerfelt v. State, 629 S.W.2d 216, 217 (Tex.
App.-Dallas 1982, pet ref'd) (testimony from psychiatrist that defendant suffered from schizophrenia did not warrant a
competency hearing)). In general, a bona fide doubt is raised only if the evidence indicates recent severe mental illness, at
least moderate mental retardation, or truly bizarre acts by the defendant. See Collier v. State, 959 S.W.2d 621, 625 (Tex.
Crim. App. 1997); Mata v. State, 632 S.W.2d 355, 359 (Tex. Crim. App. 1982). The evidence in this case was insufficient
to create a bona fide doubt as to Downie's competency. See Collier, 959 S.W.2d at 625. No evidence was presented
indicating that Downie could not consult with his attorney or did not understand the proceedings against him. See Moore ,
999 S.W.2d at 395. We hold that the trial court did not abuse its discretion in not ordering a psychiatric evaluation or
holding a competency hearing sua sponte. Downie's second point of error is overruled.

 In his remaining points of error, Downie argues he was denied effective assistance of counsel. Specifically, Downie claims
he was denied effective assistance of counsel when counsel failed: (1) to obtain a psychiatric evaluation after learning that
Downie was diagnosed with schizophrenia; (2) to move to suppress an in-court identification based on an impermissibly
suggestive out-of-court identification; and (3) to convey the State's plea bargain offer.

 The United States Supreme Court and the Texas Court of Criminal Appeals have promulgated a two-prong test to
determine whether representation was so inadequate that it violated a defendant's sixth amendment right to counsel. See,
e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App.
1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.-Corpus Christi 2000, no pet.). To establish ineffective assistance of
counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2)
there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687; Dorsey v. State, No. 13-99-720-CR, 2001 Tex. App. LEXIS 5854, *23 (Tex. App.-Corpus
Christi Aug. 16, 2001, no pet.). Appellant has the burden of proving ineffective assistance of counsel by a preponderance
of the evidence. See Munoz, 24 S.W.3d at 434; Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus Christi 2000, pet.
ref'd). An allegation of ineffective assistance of counsel will only be sustained if it is firmly founded and the record
affirmatively demonstrates counsel's alleged ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.-Corpus
Christi 1996, no pet.). In assessing a claim of ineffective assistance of counsel, there is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Garcia v. State, No. 73,804, 2001 Tex. Crim.
App. LEXIS 75, *8 (Tex. Crim. App. Oct. 3, 2001). Also, in the absence of evidence of counsel's reasons for the
challenged conduct, an appellate court will assume a strategic motivation and will not conclude that the conduct was
deficient unless the conduct was so outrageous that no competent attorney would have engaged in it. See Id. at
*8-*9;Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

 Examining each claim in sequence, Downie argues in his third point of error that he was denied effective assistance of
counsel when his counsel failed to obtain a psychiatric evaluation after learning that Downie had been diagnosed with
schizophrenia. Competency considerations concern an individual's present ability to consult with their lawyer with a
reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against that
person. SeeTex. Code Crim. Proc. Ann. art. 46.02 § 1A(a). Downie's trial counsel testified at the motion for new trial
hearing that Downie never told him he was schizophrenic. He met with Downie six times prior to trial. Downie's trial
counsel also testified that Downie seemed to understand the proceedings against him and the nature of the offense with
which he was charged. He further testified that Downie "seemed very aware and very capable of understanding what was
going on . . . was able to discuss trial strategy . . . was competent at all times . . . [and Downie] was a particularly
sophisticated defendant [who] seemed to know a lot about the system." Downie's testimony that he informed his trial
counsel that he had schizophrenia and that his mother also told Downie's counsel about his illness is not enough evidence
to satisfy either of the two prongs of Strickland. See Strickland, 466 U.S. at 687. Further, Downie failed to attach to the
record any evidence that he was actually incompetent during the trial, or any evidence that his trial counsel's performance
fell below the standard of reasonableness in failing to ask for a psychiatric evaluation or by not investigating properly. See
Jackson v. State, 973 S.W.2d 954, 956-57 (Tex. Crim. App. 1998);Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). There is no evidence of a reasonable probability that "but for" counsel's failure to raise the competency issue, and
failing to request a psychiatric evaluation, the outcome of the trial proceeding would have been different. See Strickland,
466 U.S. at 687; Jackson, 973 S.W.2d at 956; Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Therefore, we find
that Downie has failed to prove by a preponderance of the evidence that Downie's trial counsel was ineffective by failing to
request a psychiatric evaluation. Downie's third point of error is overruled.

 In his fourth point of error, Downie contends he was denied effective assistance of counsel when trial counsel failed to
move to suppress an in-court identification based on an impermissibly suggestive out-of-court identification procedure. In
order to establish ineffective assistance as a result of counsel's failure to pursue a motion to suppress evidence, Downie
must prove that the motion to suppress would have been granted. See Strickland, 466 U.S. at 687; Jackson, 973 S.W.2d at
957; Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993). To determine the admissibility of an in-court
identification, Downie must prove two elements: (1) whether the out-of-court identification procedure was impermissibly
suggestive; and (2) whether that suggestive procedure gave rise to a very substantial likelihood of irreparable
misidentification. Simmons v. United States, 390 U.S. 377, 383-84 (1968); Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim.
App. 1995). If the indicia of reliability outweighs suggestiveness then an identification is admissible. Bond v. State, 29
S.W.3d 169, 172 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). 

 Therefore, Downie must first show by clear and convincing evidence that the in-court identification was tainted by
improper pretrial identification procedures; otherwise, the in-court identification is admissible. See Barley, 906 S.W.2d at
34. Texas Courts have uniformly condemned the practice of showing a single photograph to a prosecuting witness finding
this practice to be inherently suspect and impermissibly suggestive. Delk v. State, 855 S.W.2d 700, 707 (Tex. Crim. App.
1993); Bond, 29 S.W.3d at 172. In this case, Police Officer Garrett ("Garrett") radioed a description of Downie to Officer
Segovia ("Segovia"), the "beat officer," after watching a videotape of Downie allegedly selling the cocaine. Garrett
described Downie as a "black male with his white hat on backwards, white shirt with black stripes on the shoulders,
sunglasses." Segovia identified Downie based on the description given by Garrett and having seen Downie in the area
recently. Garrett was then given a photograph of Downie and verified that he was the individual in question. At trial,
Garrett made an in-court identification of Downie as the individual who sold him cocaine. Because Garrett not only
watched the transaction live, but also on videotape before he identified Downie in the photograph, Downie asserts the
pre-trial identification was impermissibly suggestive. However, assuming, without deciding, that the procedure was
impermissibly suggestive, it does not automatically render the in-court identification inadmissible. See Manson v.
Braithwaite, 432 U.S. 98, 115-16 (1977); Barley, 906 S.W.2d at 34; Bond, 29 S.W.3d at 172; Wilkerson v. State, 901
S.W.2d 778, 782-83 (Tex. App.-Beaumont 1995, no pet.).

 We must consider whether the impermissibly suggestive pretrial identification gave rise to a very substantial likelihood of
irreparable misidentification. Bond, 29 S.W.3d at 172. The following non-exclusive factors should be considered in
determining whether a substantial likelihood of irreparable misidentification has been created under the totality of
circumstances: (1) the witness's opportunity to view the criminal act; (2) the witness's degree of attention; (3) the accuracy
of the suspect's description; (4) the level of certainty at the time of confrontation; and, (5) the time between the crime and
confrontation. Neil v. Biggers, 409 U.S. 188, 199-200 (1972);Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App.
1998). Applying these factors to this case, Garrett is a trained professional with six years experience as a police officer. He
had several minutes to observe Downie at the time of the transaction and his attention was focused on Downie as the
subject of the undercover investigation. Garrett was able to accurately describe Downie's appearance and dress. Garrett
was not hesitant or uncertain in his identification of Downie. His observation of Downie and his review of the photograph,
though not specified exactly in the record, appear to have occurred on the same day as the transaction. Further, with regard
to the second factor, courts in similar circumstances have held that, "as a specially trained, assigned, and experienced
[police] officer, he could be expected to pay scrupulous attention to detail, because he would have to find and arrest his
vendor. Manson, 432 U.S. at 115; Wilkerson, 901 S.W.2d at 783. It is clear that even if the pretrial identification was
impermissibly suggestive, there is not a substantial likelihood of irreparable misidentification. Having reviewed the totality
of the circumstances, we find suppression would not have been likely because the two prongs were not established by clear
and convincing evidence. See Barley, 906 S.W.2d at 33-34. Because a motion to suppress would not have likely been
granted in this case, trial counsel's failure to move for a motion to suppress did not amount to ineffective assistance of
counsel. See Jackson, 973 S.W.2d at 957. Downie's fourth point of error is overruled.

 In his last point of error, Downie argues that he was denied effective assistance of counsel because his counsel failed to
convey the State's plea bargain offers. Failure of defense counsel to inform a defendant of plea offers made by the State is
an omission that falls below an objective standard of professional reasonableness. Ex parte Lemke, 13 S.W.3d 791, 795
(Tex. Crim. App. 2000). However, looking at the record, Downie and counsel gave conflicting testimony. Downie
testified at the hearing for the motion for new trial that he would have accepted the plea offer if his attorney would have
conveyed the offer to him. Downie's counsel, on the other hand, testified that he did inform Downie of the plea offer but
never had Downie sign an affidavit rejecting the offer because Downie was so "gung-ho" about trying the case. Downie
offers no evidence, other than his own testimony, that he was never informed of a plea bargain. See Guzman, 923 S.W.2d
at 797. Further, Downie has not offered any evidence that overcomes the strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. See Garcia, 2001 Tex. Crim. App. LEXIS at *8. Because
Downie has the burden to prove by a preponderance of the evidence that counsel was ineffective, we find that this burden
has not been met. See Strickland, 466 U.S. at 687; Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at 350. Therefore, Downie's
fifth point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.



NELDA V. RODRIGUEZ

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 29th day of November, 2001.

 

1. Rule 2 states "[o]n a party's own motion or on its own initiative an appellate court may- to expedite a decision or for
other good cause- suspend a rule's operation in a particular case and order a different procedure. . . ." Tex. R. App. P. 2.