IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1137-05, 1138-05, 1139-05






JULIO RAMIREZ MESTAS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Meyers, J., delivered the opinion of the Court, in which Price, Johnson,
Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Keller, P.J., filed a dissenting
opinion, in which Womack, J., joined.


O P I N I O N 



 Appellant, Julio Mestas, was convicted of indecency with a child, evading arrest,
and failure to stop and render aid. Punishment was assessed at 55 years' confinement and
a $1,000 fine. Appellant's attorney filed a brief pursuant to Anders v. California, 386 US.
738 (1967), stating that there were no non-frivolous issues for appeal. Appellant
requested a copy of the record so that he could file a pro se response to the Anders brief,
but he did not receive the record. The court of appeals agreed that the appeal had no
merit and affirmed the convictions. Mestas v. State, Nos. 11-01-00234-CR, 11-01-00235-CR, and 11-01-00236-CR (Tex. App.-Eastland, delivered May 23, 2002). Appellant filed
post-conviction applications for writ of habeas corpus stating that he was denied his right
to appeal because he was deprived of the trial court records and, thus, could not file a pro
se response to his counsel's Anders brief. We agreed and granted out-of-time appeals. 
We stated the following:

 The proper remedy in a case such as this is to return Applicant to the point
at which he can give notice of appeal. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the conviction
had been entered on the day that the mandate of this Court issues. We hold
that Applicant, should he desire to prosecute an appeal, must take
affirmative steps to see that notice of appeal is given within thirty days after
the mandate of this Court has issued. (1)

Mandate issued on February 18, 2004, making the deadline for filing timely notices of
appeal March 19, 2004. Appellant filed motions for new trial on February 16, 2004 and
notices of appeal on April 1, 2004. (2) The State filed a motion to dismiss the appeal,
stating that the court of appeals lacked jurisdiction because the notices of appeal were
untimely. The court of appeals agreed and dismissed the appeals. We granted review to
determine whether the court of appeals misconstrued the language in our opinion as
requiring dismissal when Appellant filed a motion for new trial before filing a notice of
appeal. We hold that the court of appeals erred in dismissing the appeals for want of
jurisdiction.

ISSUES PRESENTED

 The court of appeals held that Appellant's motions for new trial did not extend the
time for filing his notices of appeal. Therefore, the notices of appeal were not timely
filed and the court lacked jurisdiction. The court reasoned that the purpose of our opinion
granting Appellant out-of-time appeals was to allow him to pursue a remedy that he was
previously denied and Appellant had not been denied the opportunity to file a motion for
new trial. The court also concluded that if the "all time limits" language in our opinion
included a motion for new trial, then we would not have specified that the deadline for
filing the notice of appeal was within 30 days after the mandate issued. 

 Appellant filed a petition for discretionary review asking us to consider the
following grounds for review:

 (1) In construing language in an opinion of this court, language this court
has used in some fifty-three opinions and language the court likely will
continue to use, to require dismissal of this case for want of jurisdiction
when this court directed use of all time limits of the rules of appellate
procedure, the lower court's decision, which conflicts with other courts of
appeals' decisions on the same issue, reflects an important question of law
that has not been, but should be, settled by this court to clarify its intent and
avoid future confusion and conflict.


 (2) In construing language in an opinion of this Court to require dismissal
of this case for want of jurisdiction, the court of appeals misconstrued a rule
of appellate procedure as well as the purpose of the rules of appellate
procedure in a manner that deprived appellant rights under those rules and
sanctioned such a departure from the accepted and usual course of judicial
proceedings by a lower court as to call for an exercise of this Court's power
of supervision. 

The main issue before us is whether Appellant's filing of a motion for new trial extended
the calculation of the time limit for filing an appeal specified in our order granting the
out-of-time appeal. The State argues that a motion for new trial was not a remedy
requested or granted by this Court. Therefore, the court of appeals properly construed the
"all time limits" language as allowing Appellant 30 days after mandate in which to review
the record and file a notice of appeal. Appellant contends that if he was returned to a
point at which he could give notice of appeal, then he was also at a point where he could
file a motion for new trial. 

CASELAW 


 In cases not involving the habeas relief of an out-of-time appeal, there would be no
question that the filing of a motion for new trial serves to extend the time limit for filing
an appeal from 30 days to 90 days. See Rule of Appellate Procedure 26.2(a)(2) (stating
that the time to perfect an appeal in criminal cases is "within 90 days after the sentence is
imposed or suspended in open court if the defendant timely files a motion for new trial."). 
Appellant is correct that the courts of appeals have conflicting interpretations of the
language we commonly use in opinions granting out-of-time appeals. However, several
of the cases upon which the court of appeals relied in dismissing the case for lack of
jurisdiction are clearly distinguishable from the case before us. In Welsh v. State, 108
S.W.3d 921 (Tex. App.-Dallas 2003), the court of appeals held that a motion for new trial
is not effective to extend the time for filing a notice of appeal in cases in which a
defendant is appealing an order disposing of a motion for DNA testing under Chapter 64
of the Code of Criminal Procedure. Similarly, in Murray v. State, 89 S.W.3d 187 (Tex.
App.-Dallas 2002), the court held that a motion for new trial is not effective to extend the
time for filing a notice of appeal in cases in which a defendant is appealing an order
deferring adjudication of guilt. Unlike the case before us, both of these cases involved
appeals of orders which do not include a finding of guilt or the imposition of a sentence. 
McCoy v. State, 996 S.W.2d 896, (Tex. App.-Houston [14th Dist.] 1999) is more
analogous to Appellant's situation and states that, because the appellant did not request
and we did not grant relief to file a motion for new trial, the trial court did not have
jurisdiction to consider the motion for new trial and the court of appeals would not
consider any points of error stemming from the trial court's failure to grant a new trial. (3) 
But as the court of appeals points out, Malley v. State, 9 S.W.3d 925 (Tex.
App.-Beaumont 2000) is also similar to Appellant's situation. The court of appeals in
Malley stated that:

 In order to determine whether this motion was timely filed, we must
consider the relief granted by the Court of Criminal Appeals: "For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the convictions had been entered on the day that the
mandate of this Court issues." The opinion does not mention filing a motion
for new trial, presumably because Malley did not raise the issue with the
Court of Criminal Appeals, but the grant of relief was broad enough to
encompass the filing of a motion for new trial because motions for new trial
are filed pursuant to the Rules of Appellate Procedure.


9 S.W.3d at 927. However, because Malley did not subsequently file an appeal, the court
did not consider whether the motion for new trial extended the deadline for filing a notice
of appeal. Downie v. State (4) is another case in which the facts are similar to the case
before us and supports Appellant's position. The court of appeals in Downie followed
Malley and determined that, by filing a motion for new trial after we granted an out-of-time appeal, the time to file a notice of appeal was extended to ninety days from the date
of our opinion. Because the notice of appeal was timely filed, the court had jurisdiction
to consider the appeal. Downie at *3-4.

ANALYSIS

 The effect of granting an out-of-time appeal is that it restores the defendant to the
position he occupied immediately after the trial court signed the judgment of conviction. 
While we stated in our opinion that Appellant was granted out-of-time appeals, we also
stated that "The proper remedy in a case such as this is to return Applicant to the point at
which he can give notice of appeal." We agree with Appellant that, since he was returned
to a point at which he could give notice of appeal, then he was also at a point where he
could file a motion for new trial. The State's argument that Appellant's motion for new
trial does not extend the time for filing notices of appeal disregards the Rules of Appellate
Procedure. The language of our opinion should not be read to conflict with the Rules of
Appellate Procedure. Additionally, the language used in our opinion should be construed
broadly enough to give effect to the Rules of Appellate Procedure that cover unforseen
situations that may arise. An opinion granting an out-of-time appeal cannot lay out every
possible course of events that may be taken by an Appellant. For example, the Court
could not know that Appellant would determine that a motion for new trial was required
under Rule of Appellate Procedure 21.2 because it was necessary to develop facts not in
the record prior to presenting a point of error on appeal. 

CONCLUSION

 The court of appeals erred in dismissing Appellant's appeal for want of
jurisdiction. The court of appeals is reversed and the cause remanded for consideration of
Appellant's claims.

 Meyers, J.


Delivered: January 24, 2007

Publish
1. Ex Parte Mestas, No. 74,858; 74,859; 74,860 (Tex. Crim. App. Jan. 14,2004) (not
designated for publication). We often use this or similar language in opinions granting out-of-time appeals.
2. There is some confusion regarding the date on which the notices of appeal were actually
filed. The notice stating that it was signed April 1, 2004, is in the clerk's record but is not file
stamped or dated by the clerk. A notice of appeal and pauper's oath requesting the appointment
of an attorney on appeal is file stamped September 10, 2004. Because the court of appeals
considered April 1, 2004, as the date on which the appeal was filed, that is the date we will
consider as well.
3. The State also cites In re State, 180 S.W.3d 423 (Tex. App.-Tyler 2005), in which the
court of appeals held that the trial court does not have jurisdiction to consider a motion for new
trial in a case in which we granted an out-of-time appeal.
4. No. 13-00-488-CR (Tex. App.-Corpus Christi November 29, 2001) (not
designated for publication), 2001 Tex. App. LEXIS 7965.