**Julio Ramirez MESTAS, Appellant,**

v.

**The STATE of Texas.**

**Nos. PD–1137–05 to PD–1139–05.**

Court of Criminal Appeals of Texas.

Jan. 24, 2007.

Gary A. Udashen, Dallas, for Appellant.

Johanna H. Kubalak, Asst. District Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

### *OPINION*

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant, Julio Mestas, was convicted of indecency with a child, evading arrest, and failure to stop and render aid. Punishment was assessed at 55 years' confinement and a $1,000 fine. Appellant's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no non-frivolous issues for appeal. Appellant requested a copy of the record so that he could file a *pro se* response to the *Anders* brief, but he did not receive the record. The court of appeals agreed that the appeal had no merit and affirmed the convictions. *Mestas v. State*, Nos. 11–01–00234–CR, 11–01–00235–CR, and 11–01–00236–CR, 2002 WL 32344939 (Tex.App.-Eastland, delivered May 23, 2002). Appellant filed post-conviction applications for writ of habeas corpus stating that he was denied his right to appeal because he was deprived of the trial court records and, thus, could not file a *pro se* response to his counsel's *Anders* brief. We agreed and

granted out-of-time appeals. We stated the following:

> The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued.[1]

Mandate issued on February 18, 2004, making the deadline for filing timely notices of appeal March 19, 2004. Appellant filed motions for new trial on February 16, 2004 and notices of appeal on April 1, 2004.[2] The State filed a motion to dismiss the appeal, stating that the court of appeals lacked jurisdiction because the notices of appeal were untimely. The court of appeals agreed and dismissed the appeals. We granted review to determine whether the court of appeals misconstrued the language in our opinion as requiring dismissal when Appellant filed a motion for new trial before filing a notice of appeal. We hold that the court of appeals erred in dismissing the appeals for want of jurisdiction.

## ISSUES PRESENTED

The court of appeals held that Appellant's motions for new trial did not extend the time for filing his notices of appeal.

Therefore, the notices of appeal were not timely filed and the court lacked jurisdiction. The court reasoned that the purpose of our opinion granting Appellant out-of-time appeals was to allow him to pursue a remedy that he was previously denied and Appellant had not been denied the opportunity to file a motion for new trial. The court also concluded that if the "all time limits" language in our opinion included a motion for new trial, then we would not have specified that the deadline for filing the notice of appeal was within 30 days after the mandate issued.

Appellant filed a petition for discretionary review asking us to consider the following grounds for review:

(1) In construing language in an opinion of this court, language this court has used in some fifty-three opinions and language the court likely will continue to use, to require dismissal of this case for want of jurisdiction when this court directed use of all time limits of the rules of appellate procedure, the lower court's decision, which conflicts with other courts of appeals' decisions on the same issue, reflects an important question of law that has not been, but should be, settled by this court to clarify its intent and avoid future confusion and conflict.
(2) In construing language in an opinion of this Court to require dismissal of this case for want of jurisdiction, the court of appeals misconstrued a rule of appellate procedure as well as the purpose of the rules of appellate procedure in a manner that deprived appellant rights under

---

**1.** *Ex Parte Mestas*, No. 74858; 74859; 74860, 2004 WL 231392 (Tex.Crim.App. Jan. 14, 2004) (not designated for publication). We often use this or similar language in opinions granting out-of-time appeals.

**2.** There is some confusion regarding the date on which the notices of appeal were actually filed. The notice stating that it was signed

April 1, 2004, is in the clerk's record but is not file stamped or dated by the clerk. A notice of appeal and pauper's oath requesting the appointment of an attorney on appeal is file stamped September 10, 2004. Because the court of appeals considered April 1, 2004, as the date on which the appeal was filed, that is the date we will consider as well.

those rules and sanctioned such a departure from the accepted and usual course of judicial proceedings by a lower court as to call for an exercise of this Court's power of supervision.

The main issue before us is whether Appellant's filing of a motion for new trial extended the calculation of the time limit for filing an appeal specified in our order granting the out-of-time appeal. The State argues that a motion for new trial was not a remedy requested or granted by this Court. Therefore, the court of appeals properly construed the "all time limits" language as allowing Appellant 30 days after mandate in which to review the record and file a notice of appeal. Appellant contends that if he was returned to a point at which he could give notice of appeal, then he was also at a point where he could file a motion for new trial.

## CASELAW

In cases not involving the habeas relief of an out-of-time appeal, there would be no question that the filing of a motion for new trial serves to extend the time limit for filing an appeal from 30 days to 90 days. *See* Rule of Appellate Procedure 26.2(a)(2) (stating that the time to perfect an appeal in criminal cases is "within 90 days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial."). Appellant is correct that the courts of appeals have conflicting interpretations of the language we commonly use in opinions granting out-of-time appeals. However, several of the cases upon which the court of appeals relied in dismissing the case for lack of jurisdiction are clearly distinguishable from the case before us. In *Welsh v. State*, 108 S.W.3d 921 (Tex.App.-Dallas 2003), the court of appeals held that a motion for new trial is not effective to extend the time for filing a notice of appeal in cases in which a defendant is appealing an order disposing of a motion for DNA testing under Chapter 64 of the Code of Criminal Procedure. Similarly, in *Murray v. State*, 89 S.W.3d 187 (Tex.App.-Dallas 2002), the court held that a motion for new trial is not effective to extend the time for filing a notice of appeal in cases in which a defendant is appealing an order deferring adjudication of guilt. Unlike the case before us, both of these cases involved appeals of orders which do not include a finding of guilt or the imposition of a sentence. *McCoy v. State*, 996 S.W.2d 896, (Tex.App.-Houston [14th Dist.] 1999) is more analogous to Appellant's situation and states that, because the appellant did not request and we did not grant relief to file a motion for new trial, the trial court did not have jurisdiction to consider the motion for new trial and the court of appeals would not consider any points of error stemming from the trial court's failure to grant a new trial.[3] But as the court of appeals points out, *Malley v. State*, 9 S.W.3d 925 (Tex.App.-Beaumont 2000) is also similar to Appellant's situation. The court of appeals in *Malley* stated that:

> In order to determine whether this motion was timely filed, we must consider the relief granted by the Court of Criminal Appeals: "For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the convictions had been entered on the day that the mandate of this Court issues." The opinion does not mention filing a motion for new trial, presumably because Malley did not raise the issue with the Court of Criminal Appeals, but the grant of relief was broad enough to encompass

---

3. The State also cites *In re State*, 180 S.W.3d 423 (Tex.App.-Tyler 2005), in which the court of appeals held that the trial court does not have jurisdiction to consider a motion for new trial in a case in which we granted an out-of-time appeal.

the filing of a motion for new trial because motions for new trial are filed pursuant to the Rules of Appellate Procedure.

9 S.W.3d at 927. However, because Malley did not subsequently file an appeal, the court did not consider whether the motion for new trial extended the deadline for filing a notice of appeal. *Downie v. State*[4] is another case in which the facts are similar to the case before us and supports Appellant's position. The court of appeals in *Downie* followed *Malley* and determined that, by filing a motion for new trial after we granted an out-of-time appeal, the time to file a notice of appeal was extended to ninety days from the date of our opinion. Because the notice of appeal was timely filed, the court had jurisdiction to consider the appeal. *Downie*, 2001 WL 1554206 at *1, 2001 Tex.App. LEXIS 7965 at *3–4.

## ANALYSIS

The effect of granting an out-of-time appeal is that it restores the defendant to the position he occupied immediately after the trial court signed the judgment of conviction. While we stated in our opinion that Appellant was granted out-of-time appeals, we also stated that "The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal." We agree with Appellant that, since he was returned to a point at which he could give notice of appeal, then he was also at a point where he could file a motion for new trial. The State's argument that Appellant's motion for new trial does not extend the time for filing notices of appeal disregards the Rules of Appellate Procedure. The language of our opinion should not be read to conflict with the Rules of Appellate Procedure. Additionally, the language used in our opinion should be construed broadly enough to give effect to the Rules of Appellate Procedure that cover unforeseen situations that may arise. An opinion granting an out-of-time appeal cannot lay out every possible course of events that may be taken by an Appellant. For example, the Court could not know that Appellant would determine that a motion for new trial was required under Rule of Appellate Procedure 21.2 because it was necessary to develop facts not in the record prior to presenting a point of error on appeal.

## CONCLUSION

The court of appeals erred in dismissing Appellant's appeal for want of jurisdiction. The court of appeals is reversed and the cause remanded for consideration of Appellant's claims.

KELLER, P.J., filed a dissenting opinion, in which WOMACK, J., joined.

KELLER, P.J., dissenting, in which WOMACK, J., joined.

We granted appellant an out-of-time appeal, not out-of-time motion for new trial. Appellant's claim was that he was denied an appeal, and the basis for our order was a finding that he was deprived of an appeal. Appellant had the opportunity to file a motion for new trial, and in fact, had done so after his convictions. The order's reference to "all time limits"[1] should be read in conformity with the purpose of the order—to grant a new appeal. This type of reference in our orders is a housekeeping measure designed to set the deadlines

---

**4.** No. 13–00–488–CR, 2001 WL 1554206 (Tex. App.-Corpus Christi November 29, 2001) (not designated for publication), 2001 Tex.App. LEXIS 7965.

**1.** *Ex parte Mestas*, No. 74858; 74859; 74860, 2004 WL 231392 (Tex.Crim.App., Jan. 14, 2004)(not designated for publication).

for the appellate process and is not intended to afford the defendant a second opportunity to file a motion for new trial. Had we intended to accomplish the latter, we could have added a sentence authorizing such a motion.[2] As it stands, however, our order unambiguously stated that appellant "must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued."[3] Because he failed to do so, the court of appeals properly dismissed the appeal.

I respectfully dissent.

---

**2.** Compare *Ex parte Shields,* 550 S.W.2d 670, 672 (Tex.Crim.App.1976)(on original submission)(granting out-of-time motion for new trial) with *id.* at 677 (on rehearing)(granting out-of-time appeal).

