NO. 07-07-0420-CR and 07-07-0421-CR and 07-07-0422-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2007
_____

RONNIE GENE LONG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4221, 4363, 4364; HONORABLE STEVEN RAY EMMERT, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ronnie Gene Long, appeals his three convictions for the offense of Injury to a Child, each enhanced by a prior felony, and sentences of sixteen years confinement in the Institutional Division of the Texas Department of Criminal Justice, all to be served concurrently and fines of $10,000 in each case. We will dismiss the appeals for want of jurisdiction.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of

appeal timely filed in compliance with the requirements of the Texas Rules of Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Appellant proceeded to trial and was found guilty by a jury. The sentences were imposed and judgments were entered on June 20, 2007. Appellant was required to give notice of appeal in each case within 30 days after the day sentences were imposed or within 90 days after the day sentences were imposed if appellant filed a motion for new trial. TEX. R. APP. P. 26.2(a). Appellant filed a motion for new trial on June 20, 2007, making appellant's notice of appeals due on or before September 18, 2007. Appellant filed his notice of appeal in each case on October 9, 2007. Appellant's failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeals. Slaton, 981 S.W.2d at 210. Consequently, the appeals are dismissed for want of jurisdiction.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1]Appellant may be entitled to out-of-time appeals by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon Supp. 2007). See also Mestas v. State, 214 S.W.3d 1, 1 (Tex.Crim.App. 2007); Reyes v. State, 883 S.W.2d 291, 293 n.2 (Tex.App.–El Paso 1994, no pet.).