NO. 07-07-0420-CR and 07-07-0421-CR and 07-07-0422-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2007

______________________________

RONNIE GENE LONG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 31
ST
 DISTRICT COURT OF WHEELER COUNTY;

NO. 4221, 4363, 4364; HONORABLE STEVEN RAY EMMERT, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Ronnie Gene Long, appeals his three convictions for the offense of Injury to a Child, each enhanced by a prior felony, and sentences of sixteen years confinement in the Institutional Division of the Texas Department of Criminal Justice, all to be served concurrently and fines of $10,000 in each case.   We will dismiss the appeals for want of jurisdiction.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  In the absence of a notice of appeal timely filed in compliance with the requirements of the Texas Rules of Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 

Appellant proceeded to trial and was found guilty by a jury.  The sentences were imposed and judgments were entered on June 20, 2007.  Appellant was required to give notice of appeal in each case within 30 days after the day sentences were imposed or within 90 days after the day sentences were imposed if appellant filed a motion for new trial.  
Tex. R. App. P.
 26.2(a).   Appellant filed a motion for new trial on June 20, 2007, making appellant’s notice of appeals due on or before September 18, 2007.  Appellant filed his notice of appeal in each case on October 9, 2007.  Appellant’s failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeals.  
Slaton
, 981 S.W.2d at 210.  Consequently, the appeals are dismissed for want of jurisdiction.
(footnote: 1) 

Mackey K. Hancock

        Justice

Do not publish.  ement of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. 
 A person commits criminal trespass if he enters or remains on property of another without effective consent and he (1) had notice the entry was forbidden; or (2) received notice to depart but failed to do so.
(footnote: 2)  Tex. Pen. Code Ann. § 30.05(a) (Vernon 2003).  The State satisfies its burden of proving the “property of another” element by showing the complainant had a greater right of possession of the property.  Arnold v. State, 867 S.W.2d 378, 379 (Tex.Cr.App. 1993) (en banc); Langston v. State, 855 S.W.2d 718, 721 (Tex.Cr.App. 1993); 
see generally
 Thompson v. State, 12 S.W.3d 915, 920 (Tex.App.–Beaumont 2000, pet. ref’d) (holding the State need not prove ownership where it pleads the defendant remained on “property of another” rather than explicit ownership in a particular person).
(footnote: 3)
 Gill testified the “old skid road” used by appellant was not open to the public.  He further testified about a small cemetery designated as Farr Cemetery located one and one-half to two miles from his house and a right-of-way to the cemetery that had been established by the historical commission and the landowners.  According to Gill, the landowners did not object to use of their land to access the cemetery; however, he claimed the land was not for public use.  While testifying, Gill referred to a map that was admitted into evidence over defense counsel’s objection.  The map is not drawn to scale nor does it contain any numbered highways or labeled roads.

Minutes of the County Commissioners’ meeting of December 10, 2001, were also introduced into evidence.  One of the motions on the agenda that passed was to accept a petition and administratively determine that Gilchrist Place Road, Westbrook Sisters Place Road, Farr Cemetery Road, and Mary Helen Road be declared public roads in Precinct Two.  Gill, County Commissioner of Precinct Two, voted against the motion. During redirect examination, he testified about the public roads in relation to the location of his house; however, his testimony is not easily reconciled with the map introduced into evidence.  He testified as follows:

Q.  Mr. Gill, any of those roads that were mentioned in the – the document there, any of those roads mentioned, do they cross your property?

A.  Not where he was kilt at.  The onliest [sic] one that was in question at that time and we talked about it was what they want to call that Farr Cemetery Road.

Q.  Okay.  Ane [sic] what – where’s – have you got the map still?  If you would, show us on the map where that road is?

A.   During the commissioner’s meeting and discussion, the Farr Cemetery Road –

[Defense counsel]: Objection, Your Honor.  He was just asked to show where the cemetery was at.

[Court]: Let me let – let me let – this might be the earliest, this thing here I think will show up.

Q.  All right.  If you would, show us where the road is, the Farr Cemetery Road that was discussed in the commissioner’s meeting? 

A.  Okay.  It – it’s right here where this X is, where the – where the cemetery is and there’s a road comes down and you eventually come on out and hit 1012 down here.  I believe this is right in front of Pine Grove Church.  There’s two or three different ways once you get off in the main woods there, you come in, get to it.  And this, to our knowledge, is what some of the sen – some of the citizens in the county is calling the – want to call the Farr Cemetery.

Q.  Okay.  Does [sic] the minutes there, you read the minutes of the Commissioner’s Court meeting, do they say anything about where the road  ends?

A.  Uh –

Q.  Would you like – do you need to look at it to refresh your memory?

A.  Yeah, see it – the Farr Cemetery Road stops at the Farr Cemetery.

Q.  All right.  And which – which direction is the road coming from to the Farr Cemetery?

A.  That – it would be going – you’ll be going from 1012, off of 1012 up this way and stops at the cemetery right here 
[indicating]
.

Q.  Okay.  And once again show us where your house is located on the map.

A.  And my house is up here next to County Road 1058.

Appellant testified that on December 30 he was traveling on an old road referred to as Farr Cemetery Road.  This statement is uncontradicted.  The evidence also shows that as of December 10, 2001, Farr Cemetery Road was administratively determined to be a public road.  An article from the Newton County News dated July 23, 1998, about the restoration of Farr Cemetery was also introduced into evidence by the defense.  The article provided in part:

During a meeting of the Farrs Chapel Cemetery Association in 1996, Ben Lindsey offered to restore this cemetery and make it 
accessible to the public
.  

* * *

‘I began exploring ways to access the cemetery and remembered an old road that passed by Thomas Gill’s house that led to the cemetery,’ Lindsey reported.

Gill and Lowe contacted the three property owners . . . and permission was given to build a one-lane road to the cemetery.

(Emphasis added).  The evidence established that on December 10, 2001, Farr Cemetery Road was declared to be a public road and that on December 30, 2001, appellant was traveling on Farr Cemetery Road.  The State failed to prove beyond a reasonable doubt that on December 30, 2001, Gill had a greater right of possession to Farr Cemetery Road than appellant.  Viewing the evidence under 
Jackson
, we conclude it is legally insufficient to support appellant’s conviction for criminal trespass.  Our disposition of issue two pretermits consideration of issues one and three.

Accordingly, the judgment of the trial court is reversed and a judgment of acquittal is hereby rendered.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Appellant may be entitled to out-of-time appeals by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 11.07, § 3 (Vernon Supp. 2007).  
See
 
also
 
Mestas v. State
, 214 S.W.3d 1, 1 (Tex.Crim.App. 2007); 
Reyes v. State
, 883 S.W.2d 291, 293 n.2 (Tex.App.–El Paso 1994, no pet.).  

2:
3: