NO. 07-09-0218-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 5, 2009
_____

CLARENCE LAMOUNT WESLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 59619-D; HONORABLE DON EMERSON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Clarence Lamount Wesley, appeals his conviction for the offense of Hindering Apprehension or Prosecution, and sentence of 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. We will dismiss the appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appea that wasl timely filed, in compliance with the requirements of the Texas Rules of

Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

From the docketing statement, it would appear sentence was imposed on May 4, 2009. Appellant was required to give notice of appeal within 30 days after the day sentence was imposed or within 90 days after the day sentence was imposed if appellant filed a motion for new trial. TEX. R. APP. P. 26.2(a). There is no indication that appellant filed a motion for new trial, making appellant's notice of appeal due on or before June 3. Appellant filed his notice of appeal on June 30. Appellant's failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeal. Slaton, 981 S.W.2d at 210. Consequently, the appeal is dismissed for want of jurisdiction.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1]Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon Supp. 2008). See also Mestas v. State, 214 S.W.3d 1, 1 (Tex.Crim.App. 2007); Reyes v. State, 883 S.W.2d 291, 293 n.2 (Tex.App.–El Paso 1994, no pet.).