

## NUMBER 13-09-00099-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GRACIELA CASTILLO,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Graciela Castillo, was charged by indictment with robbery, a second-degree felony. *See* TEX. PENAL CODE. ANN. § 29.02 (Vernon 2003). Castillo pleaded guilty to the offense and "true" to the enhancement paragraph.[1] *See id.* § 12.42(b) (Vernon

_____

[1] The trial court's judgment does not indicate that Castillo pleaded "true" to the enhancement. However, after reviewing the reporter's record, it is clear that Castillo pleaded "true" in open court to the enhancement.

Supp. 2009) ("[I]f it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony."). The trial court sentenced Castillo to fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By two issues, Castillo argues that: (1) she received ineffective assistance of counsel during the plea proceedings; and (2) the sentence imposed is cruel, unusual, and disproportionate.[2] We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Castillo was charged by indictment on October 30, 2008, with robbery alleged to have occurred on October 17, 2008. On December 10, 2008, the State filed a notice of intent to enhance Castillo's punishment to a first-degree felony by alleging that Castillo had three prior felony convictions. *See id.* On December 11, 2008, Castillo pleaded guilty to the robbery charge, and "true" to the enhancement.

At the hearing, Castillo stated that she had discussed the case with her attorney, that she was satisfied with his representation, and that she freely and voluntarily signed a stipulation of evidence. Castillo also affirmed that she was entering her plea of guilty freely and voluntarily. After the State presented evidence substantiating Castillo's plea and prior convictions, the trial court accepted Castillo's guilty plea, found the State's enhancement allegations to be true, and sentenced Castillo to fifty years' imprisonment. This appeal ensued.

---

[2] The trial court has certified that this case "is not a plea-bargain case, and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

## II. JURISDICTION

As a preliminary matter, we must address the State's assertion that this appeal should be dismissed for want of jurisdiction because Castillo did not file a timely notice of appeal.

In a criminal case, a defendant must file a written notice of appeal with the trial court clerk. TEX. R. APP. P. 25.2(c). The notice is due within thirty days, or ninety days if a motion for new trial is filed, after the day sentence is imposed in open court. *Id.* at R. 26.2(a). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for doing so, the party files the notice of appeal in the trial court and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *Id.* at R. 10.5(b), 26.3.

The trial court sentenced Castillo on December 11, 2008. On December 30, 2008, Castillo sent an "Inmate Communication Form" to the trial court stating:

> NUECES COUNTY SHERIFF'S DEPARTMENT
> JAIL DIVISION
> INMATE COMMUNICATION FORM
>
> . . .
>
> I just got a 50 year sentence. I need to file a motion to reconsider but I have not received a court appointed attorney yet (still waiting on response). Do I need him to file this motion or do I do this on my own and if so how do I do this[?] I only have 30 days from the time I was sentenced. Please reply.

The bottom of the correspondence contains the following handwritten notations entered by the trial court:

> 1-5-09      [T]he court received your rep. [sic] 12/30/08—I will present this to the judge once he returns 1-12-09. Your

3

> sister called on your behalf today & was advised same.
> Thank you.  SB [sic] 319th

Atty Jim Lawrence to file m2reconsider [sic].  1-11-09

The record does not indicate that Castillo later filed a pro se "motion to reconsider," or that Lawrence filed a "motion to reconsider," any post-hearing motions, or a notice of appeal.

There is no evidence in the record that Castillo's retained trial counsel, Jim Lawrence, withdrew as counsel.  However, on February 12, 2009, the trial court found Castillo indigent and appointed appellate counsel.  On February 19, 2009, Castillo's appellate counsel filed a document entitled "Amended Notice of Appeal."[3]  On February 20, 2009, this Court notified Castillo that her appeal did not appear to have been timely perfected and advised that she take steps to correct the defect.  On February 26, 2009, Castillo's appellate attorney sent this Court a letter stating, in pertinent part:

> Ms. Castillo should not be penalized due to her trial attorney not communicating with her, not [sic] her trial attorney completing his duties which consisted of following through filing an appeal. . . .[4]

Castillo's appellate attorney attached three pro se correspondences between Castillo and the trial court.  On appeal, Castillo asserts, without argument or authority, that her December 30, 2008, "Inmate Communication Form" constitutes a motion for new trial.

Through appellate counsel's correspondence with this Court, Castillo asks that we

---

[3] Castillo first expressed a desire to appeal in a pro se letter dated January 20, 2009 and received by the trial court on February 5, 2009.  Because this notice of appeal was filed more than thirty days after Castillo's sentence was imposed in open court on December 11, 2008, it is untimely unless a motion for new trial was timely filed.  *See* TEX. R. APP. P. 26.2(a).

[4] In her appeal, Castillo argues that Lawrence provided ineffective assistance at various points in the trial; however, Castillo does not allege that Lawrence's representation of her after the sentence was imposed was ineffective.

liberally construe her December 30, 2008 correspondence as a motion for new trial, because Castillo's trial counsel failed to effectively represent her after the plea hearing. "When a motion states grounds that would entitle an accused to a new trial, it is to be considered a motion for new trial, regardless of its title." *State v. Herndon*, 115 S.W.3d 231, 233 (Tex. App.–Corpus Christi 2003), *vacated on other grounds*, 215 S.W.3d 901 (Tex. Crim. App. 2007). In the present case, Castillo does not request a "motion for new trial" in her December 30, 2008 correspondence with the trial court. Instead, Castillo's correspondence is entitled "Inmate Correspondence Form," seeks guidance on how to file a "motion to reconsider," and requests the status of the appointment of an appellate attorney. Castillo's correspondence does not state any grounds that would entitle her to a new trial. Moreover, the trial court's notation that Lawrence would file a "motion to reconsider" on Castillo's behalf, indicates that the trial court did not consider Castillo's inmate correspondence form to be a motion for new trial. Accordingly, we cannot conclude that Castillo's December 30, 2008 correspondence constitutes a motion for new trial. Consequently, Castillo's notice of appeal is untimely, and we dismiss this appeal for want of jurisdiction.

We note that the period in which a motion for new trial motion may be filed is a critical stage requiring representation of counsel unless the right is waived. *Cooks v. State*, 240 S.W.3d 906, 910-911 (Tex. Crim. App. 2007) (citing *Massingill v. State*, 8 S.W.3d 733, 736-37 (Tex. App.–Austin 1999, pet. ref'd) ("in order to obtain meaningful appeal, sometimes a defendant must prepare, file, present, and obtain a hearing on a motion for new trial; it is unreasonable to require him to do this without assistance")). Oftentimes, as

in the present appeal wherein Castillo asserts that she was denied effective assistance of counsel at the plea hearing, the motion for new trial is a necessary step to develop facts that are not otherwise contained in the record. *See Cooks*, 240 S.W.3d at 910-911.

Appellate counsel's letter to this Court, which alleges that trial counsel did not complete his duties by filing an appeal on Castillo's behalf, indicates that Castillo was unrepresented during a critical stage of the appellate process. *See id.* Appellate counsel's letter, therefore, requests that we conclude that trial counsel did not effectively represent Castillo during the period in which a motion for new trial could have been filed and then, because Castillo was pro se, liberally construe the December 30, 2008 correspondence as a motion for new trial. While such a construction would confer jurisdiction upon this Court, our analysis of Castillo's first appellate issue—ineffective assistance of counsel during the plea hearing—would then be constrained to an appellate record that Castillo was purportedly denied the opportunity to develop. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App.1999) (noting that the trial record will generally not be sufficient to establish an ineffective assistance of counsel claim).

We therefore acknowledge that Castillo may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon Supp 2009). "The effect of granting an out-of-time appeal is that it restores the defendant to the position he occupied immediately after the trial court signed the judgment of conviction." *Mestas v. State*, 214 S.W.3d 1, 4 (Tex. Crim. App. 2007). Therefore, a defendant who obtains an out-of-time

6

appeal by means of writ of habeas corpus is returned to the point at which he can give notice of appeal and file a motion for new trial. *See id.* Although the Court of Criminal Appeals may consider the aforementioned facts in determining whether to grant an out-of time appeal, *Jones v. State*, 98 S.W.3d 700, 703-04 (Tex. Crim. App. 2003), we must dismiss where no timely notice of appeal has been filed.[5] *Slanton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

### III. CONCLUSION

We dismiss this appeal for want of jurisdiction.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
20th day of May, 2010.

---

[5] Although rule 2 of the Texas Rules of Appellate Procedure provides that "an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure," TEX. R. APP. P. 2, this rule cannot be invoked to create jurisdiction where none exists. *Olivio v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).