**Dismiss and Opinion Filed July 3, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00495-CR

_____

### JOAN NOIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F13-58240-L

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Stoddart
Opinion by Chief Justice Wright

In December 2015, Joan Nois was convicted of aggravated robbery and sentenced to forty years in prison and a $10,000 fine. He appealed his conviction; however, we dismissed his appeal for want of jurisdiction because his notice of appeal was untimely. *Nois v. State*, No. 05–16–00132–CR, 2016 WL 1057014, at *1 (Tex. App.—Dallas, March 17, 2016) (mem. op., not designated for publication). Appellant then filed an application for writ of habeas corpus, contending he was denied his right to appeal because "although trial counsel advised the trial court of Applicant's desire to appeal, appellate counsel was not appointed until the time for filing notice of appeal had passed." *Ex parte Nois*, No. WR-87,704-01, 2017 WL 6349727, at *1 (Tex. Crim. App. Dec. 13, 2017) (per curiam) (not designated for publication).

The Texas Court of Criminal Appeals found appellant was entitled to the opportunity to file an out-of-time appeal and ordered him "returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal." *Id*. The court further ordered that, "within ten days of the issuance of this opinion," the trial court should determine whether appellant was indigent, wished to be represented by counsel, and was entitled to counsel on direct appeal. The court concluded:

> All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

*Id*. The opinion issued December 13, 2017; the mandate issued January 8, 2018.

The record contains appellant's pro se motion for new trial, dated April 7, 2018 and filed April 17, 2018 in the trial court, in which he states: "THE TEXAS COURT OF CRIMINAL APPEALS GRANTED AN OUT OF TIME APPEAL IN THIS CAUSE ON January 8th 2018. SEE CCA WRIT NO. W1358240-C. THEREFORE THIS MOTION FOR A NEW TRIAL IS RIPE FOR REVIEW." The record also contains, among other documents, his April 30, 2018 notice of appeal filed in the trial court and the trial court's April 20, 2018 appointment of counsel. After reviewing these documents, we had concerns regarding our jurisdiction over the appeal. Specifically, it appeared appellant's notice of appeal was again untimely filed. On May 30, 2018, we sent a letter, asking appellant and the State to brief us on the issue. In response, appellant filed a June 12, 2018 motion for extension of time to file his notice of appeal, along with an affidavit signed by appellant in which he declares under penalty of perjury that he did not receive a "copy or notice of [the Texas Court of Criminal Appeals'] Opinion and the deadlines" until June 7, 2018. To date, the State has not responded.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be

–2–

legally invoked, and, if it is not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *Id*. at 522 (citing *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993)). When the Texas Court of Criminal Appeals granted appellant relief, under the plain language of that court's opinion, the trial court was ordered to determine whether appellant was entitled to counsel and, if so, appoint counsel on or before December 23, 2017. *Ex parte Nois*, 2017 WL 6349727, at *1. When the Texas Court of Criminal Appeals issued its mandate on January 8, 2018, appellant was restored "to the position he occupied immediately after the trial court signed the judgment of conviction" and had thirty days to take "affirmative steps" to pursue an appeal. *Id*. In other words, appellant had until February 7, 2018 to file either a motion for new trial or a notice of appeal. *See Mestas v. State*¸ 214 S.W.3d 1, 4 (Tex. Crim. App. 2007) (holding that "the language used in our opinion should be construed broadly enough to give effect to the Rules of Appellate Procedure that cover unforeseen situations that may arise," including filing a motion for new trial). Presumably, appellant could have also filed a motion to extend time to file his notice of appeal provided the motion was filed on or before February 22, 2018. *See* TEX. R. APP. P. 26.3 (appellate court may extend time to file notice of appeal if, within 15 days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and extension motion with appellate court); *see also Mestas*, 214 S.W.3d at 4.

Here, appellant had until February 7, 2018 to file either a motion for new trial or his notice of appeal. *See* TEX. R. APP. P. 21.4, 26.2. Neither was timely filed. Under these circumstances, we can take no action other than dismissing this appeal for want of jurisdiction.

We dismiss this appeal.

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180495F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOAN NOIS, Appellant

No. 05-18-00495-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-58240-L.
Opinion delivered by Chief Justice Wright,
Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered July 3, 2018.