

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00479-CR

_____

JAMES THOMAS EBMEYER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 40,801-C

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

In January 2018, the Texas Court of Criminal Appeals issued an opinion granting appellant the right to file an out-of-time notice of appeal from his 2013 conviction. *Ex parte Ebmeyer*, No. WR-84,852-03, 2018 WL 524797, at *1 (Tex. Crim. App. Jan. 24, 2018) (not designated for publication). The court held that if appellant desired to prosecute an appeal, he had to "take affirmative steps" to file a written notice of appeal in the trial court within thirty days after the court's mandate issued; thus, all "time limits" were to be calculated "as if the sentence had been imposed on the date" of the court's mandate. *Id.*

The mandate issued on February 20, 2018, but appellant's appointed appellate counsel did not file a notice of appeal in the trial court until December 18, 2019, and has not shown grounds to retain the appeal in response to our January 3, 2020 letter questioning our jurisdiction. Because appellant did not timely file a written notice of appeal in accordance with the Court of Criminal Appeals's opinion, we dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(b), (c), 26.2(a)(1), 43.2(f); *Mestas v. State*, 214 S.W.3d 1, 4 (Tex. Crim. App. 2007) ("The effect of granting an out-of-time appeal is that it restores the defendant to the position he occupied immediately after the trial court signed the judgment of conviction."); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that court of appeals does not have jurisdiction to address merits of untimely-filed appeal).

Per Curiam

2

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 20, 2020